# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
7 WEST 24TH STREET
NEW YORK, NEW YORK 10010
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

March 6, 2018

Honorable P. Kevin Castel, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 24B
New York, NY 10007

    Re:    ***Jung, et al. v. McFarland., et al.,*** **No. 18-cv-449-PKC**
            ***Jutla, et al. v. Fyre Media, Inc., et al.*, No. 17-cv-3541-PKC**
            <u>***Petrozziello v. Fyre Media, Inc*., et al.,  No. 18-cv-146 - PKC**</u>

Dear Judge Castel:

    Pursuant to this Court's Orders re Initial Pretrial Conference (Dkt. No. 48 in the *Jung* Action), (Dkt. 22 in the *Jutla* Action) and (Dkt. 22 in the *Petrozziello* Action), plaintiffs Daniel Jung in the *Jung Action*, plaintiffs Ritu Jutla, Daniel Sepulveda and Zenovia Pittas in the *Jutla Action* and plaintiff Andrew Petrozziello in the *Petrozziello Action* ("Plaintiffs"), respectfully jointly submit this letter providing: (a) a brief description of the case, including the factual and legal bases for the claim(s) and defense(s); (b) any contemplated motions; and (c) the prospect for settlement. The Pretrial Conference in all three actions is currently scheduled for March 13, 2018, at 11:00 a.m.

    Defendant Jeffrey Atkins ("Atkins") appeared many months ago by counsel (the Sclar Law Group) in all three actions and answered the respective complaints. Within the last month, additional counsel for Atkins, Ryan Hayden Smith from North Carolina and admitted in this Court *pro hac vice*, has appeared, and Plaintiffs' counsel has been advised that the Sclar Law Group will be withdrawing as counsel. Plaintiffs' counsel in the Jung Action, the Geragos firm, contacted Attorney Smith for purposes of working together on this joint letter submission and case management plan, and Attorney Smith stated that he wanted a postponement of the March 13, 2018 conference (to which request the Geragos firm declined) and that he was going to file a motion for such adjournment and was not prepared to submit anything to the Court at this time with respect to this joint letter submission or the case management plan. Subsequently, Attorney Smith filed a motion on March 5, 2018.  In the motion, Attorney Smith states that "at present, we cannot competently represent Mr. Atkins less than a week from now," and asks for at least a sixty (60) day or so postponement of the March 13, 2018 conference; curiously, however, at the

1

same time, Attorney Smith attaches a proposed case management plan (not vetted with any of the plaintiffs in the above captioned actions and containing the captions of the two Fyre Festival cases that have long been before Your Honor – *Daly* and *Herlihy*). Atkin's proposed case management plan for the *Daley* and *Herlihy* actions has a fact discovery completion date of June 4, 2018, with end dates for document discovery and depositions in May 2018.  Under this proposed schedule, Attorney Smith would be seeking the first conference in the *Jung, Jutla and Petroziello Actions* near the end of the discovery, rather than at this point in time.

Plaintiff Jung's counsel believes that the March 13, 2018 conference should proceed as scheduled, and opposes Atkins' motion, because pre-trial scheduling needs to occur at this time given the recent transfer of the *Jung, Jutla and Petroziello Actions* to Your Honor.  Furthermore, if Atkins' new counsel wants to promote settlement discussions, meeting in person at next week's conference could engender such discussions.  With regard to a case management plan for the *Jung, Jutla and Petroziello Actions*, Plaintiffs in the *Jung* and *Jutla Actions* propose September 30, 2018 (and not June 7, 2018) as the fact discovery cutoff date in the accompanying proposed case management  (and if the *Petroziello action* is not settled, it supports such proposed schedule). If, however, defendant Atkins needs more time as he has just recently been retained, Plaintiffs are not averse to adding 30-60 days to the discovery schedule proposed herewith, subject to Your Honor's approval.  Prior to submission of this letter to Your Honor, Plaintiffs' counsel in the *Jung Action* sent a draft of the letter to Attorney Smith for his comments, but Plaintiffs' counsel did not receive any response.

Counsel for Petrozziello did not oppose the Atkins request to postpone the March 13, 2018 conference.  Similarly, it did not oppose the Atkins motion in that regard as they are in meaningful settlement negotiations with Atkins.

Fyre Media, Inc. and William McFarland are defendants in all three actions in addition to Atkins.  Fyre Festival, LLC, an affiliate of Fyre Media, Inc. is also a defendant in the Petrozziello action. As of this filing, two defendants, Fyre Media, Inc. and William McFarland, have failed to respond to Plaintiffs' complaints in each of the three actions and Fyre Festival, LLC is in bankruptcy proceedings  (S.D.N.Y. 17-bk-11883 (Glenn, J.)).  William McFarland is also a defendant in federal criminal proceedings regarding the subject matter of this lawsuit. (S.D.N.Y. 17-cr-00600) (Buchwald, J.)

**A.**     **Case Description**

Plaintiffs commenced their proposed class actions for alleged damages relating to Defendants' fraud and deceptive business practices with regards to the "Fyre Festival" that the Defendants promoted to which they sold tickets to thousands of individuals. Plaintiffs allege that Defendants failed to organize, prepare, and provide attendees with the experience that the Defendants marketed as being a luxurious music festival on a private-island getaway.  Instead of the Fyre Festival being a posh musical experience as promoted by the Defendants, the Fyre Festival was just the opposite. It was on an island that lacked adequate infrastructure, including basic necessities, such as fresh water, plumbing and accommodations, and security, and the

musical acts and other activities that were promised by the Defendants.  Ticket holders suffered financial damages depending on the purchases made in connection with the festival and their attempts to return home safely and expeditiously.

Plaintiffs, individually and collectively, in the three lawsuits largely assert the same causes of action with some variation.  Across the three actions, plaintiffs assert claims for fraud, negligent misrepresentation, violations of consumer protection statues, breach of contract and breach of the covenant of good faith and fair dealing. In his answer in all three actions, Atkins denies all substantive allegations alleged in the Complaint, and asserts that a class should not be certified. Atkins also asserted cross-claims against his co-defendants in all three actions.

### B.   Contemplated Motions

Currently, there are two other proposed class actions against Defendants in addition to the *Herlihy* and *Daly* Actions pending in the Southern District of New York before Your Honor. The other two actions are as follows:

1. *Herlihy v. Fyre Media, et al.*, Case No. 17-cv-03296

2. *Daly v. McFarland, et al.*, Case No. 17-cv-03461

There is a Pre-Trial Conference scheduled in the above two actions as the same time as the three actions that are the subject of this letter.

Plaintiffs in the *Jung Action* anticipate filing a motion for consolidation of the actions pending before Your Honor, for appointment of Interim Lead Counsel pursuant to Fed. R. Civ. Proc. 23(g), and for class certification after discovery is completed.  Plaintiffs in the *Petrozziello* action will join the aforementioned motions and will support appointment of counsel in the *Jung* action as interim lead counsel in the event that settlement cannot be accomplished.  Please see Section C "Prospect of Settlement" below.

Plaintiffs' counsel in the *Jung Action* is in discussions with Plaintiffs' counsel in the *Jutla Action* for purposes of possible representation of the plaintiffs in the *Jutla Action* in the place of their current counsel.

Finally, Plaintiffs in the *Jung Action* will seek default judgments against Defendants McFarland and Fyre Media, Inc. and will move to compel discovery from Atkins if he does not produce documents in response to the document request that Jung served on him several months ago.

### C.   Prospect for Settlement

Currently, in the *Jung Action* and the *Jutla Action* there have been generalized, but not promising, discussions for settlement with Atkins; in the *Petrozziello Action*, there have been discussions about a possible settlement on an individual (and not class-wide) basis.  Plaintiffs' Counsel in the Petrozziello action is confident that settlement can be accomplished.

          Respectfully,

*/s/ Lori G. Feldman*

_____

Lori G. Feldman

Counsel for Plaintiff
Daniel Jung
Geragos & Geragos APC

*/s/ Tina Wolfson*

_____

Tina Wolfson

Counsel for Plaintiff
Ritu Jutla
Ahdoot & Wolfson, P.C.

*/s/ Andrew Grous*

_____

Andrew Grous

Counsel for Plaintiff
Andrew Petrozziello
Wilentz, Goldman & Spitzer