**SMITH LAW**
3737 Glenwood Ave. #100 • Raleigh, NC 27612

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/18

Ryan Smith
Ryan@NCLawyerNow.com
Direct Phone: 919-809-3807

03/05/2018

**VIA FAX & ECF**
Honorable P. Kevin Castel
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, NY 10007

Re: 18-cv-449(PKC), comprised of:
   *Daly v. McFarland*, 17-cv-03461,
   *Herlihy et al v. Frye Media*, 17-cv-03296,
   *Jung v. McFarland, et al*, 18-cv-00449,
   *Jutla v. Fyre Media*, 17-cv-03541, and
   *Petrozziello v. Fyre Media*, 18-cv-00146
*Request for an Extension of Time and to Adjourn Conference*

Dear Judge Castel,

   As of last Tuesday, we represent defendant Jeffrey Atkins in the above matters.
   We write to request a 60-day or so day extension of time on the joint Initial Pretrial Conference and Status Conference scheduled on 03/13/18 at 11AM in Courtroom 11D at the United States Courthouse at 500 Pearl Street, New York, NY. We say "or so" because we are agreeable to a week in either direction for the purpose of scheduling convenience.
   We were granted *pro hac vice* admission three days ago on Friday, March 2nd around lunch time. We immediately reached out to the Plaintiff's attorneys to determine whether or not they would oppose an extension of time. Marc Godino representing *Daly*, Rosemary Rivas representing *Herlihy,* and Andrew Grous representing *Petrozziello* do not oppose an extension of time.
   We have not yet communicated with Tina Wolfson representing *Jutla*. We note that all of our communication attempts were made Friday afternoon and it is likely we will hear back from her soon.
   Lori Feldman representing *Jung*, opposes any extension of time on the grounds that "…the cases should move forward". Accordingly, the rest of this letter lays out our rationale for the Court granting an extension of time and offers a proposed Revised Case Management Plan and Proposed Scheduling Order for *Daly* and *Herlihy*.
   The ABA's Model Rules of Professional Conduct Rule 1.1: Competence is representative of the rules in every jurisdiction in which we practice. It states: "A lawyer shall provide competent

---

Handwritten endorsement:

1. What responsible lawyer would enter an appearance and substitution unless and until he or she was prepared to take over the case? Your firm's decision to appear is your firm's problem and your client's problem and not anyone else's problem.

2. That you are a North Carolina law firm (a point you make) is of no moment.

3. Having different dates for the conclusion of discovery in two of the five actions before the undersigned is a non-starter.

Application DENIED.

SO ORDERED
[signature] USDJ
3-5-18

representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." At present, we cannot competently represent Mr. Atkins less than a week from now. We lack the requisite thoroughness and preparation reasonably necessary for the representation. These matters against Mr. Atkins are composed of six complex cases spread over several jurisdictions. We need adequate time to develop our understanding of the issues, the facts, speak to the witnesses/attorneys, retain additional counsel, etc. The following timeline demonstrates how quickly we have been moving and how in spite of our best efforts, we cannot be ready in such a short time:

1. We were engaged as counsel of record on 02/26/18 at 4:06PM. Functionally, the work to get our firm *onto* the cases (as opposed starting substantive work) began 02/27/2018. This was only last Tuesday.
2. We are a North Carolina law firm not previously admitted to this Court. On engagement, we immediately applied for *pro hoc vice* admission, which was granted on Friday, 03/02/2017, one business day ago.
3. Last week we did not have meaningful access to Mr. Atkins to begin the process of developing our understanding of the cases. First, on 02/26/18 he was at a family member's funeral. Second, on 03/02/18 and 03/03/2018, he was performing shows. We have a call scheduled tomorrow 03/06/2018 or the next day, 03/07/2018. Mr. Atkins' current unavailability aside, we have numerous other "set up" issues that will take substantial work hours to accomplish before we can truly begin the substantive work.
4. Individually, these are large and complex matters. A request for an extension of time for any **one** matter would not be unexpected. Here, there are **six** related matters: five in this Court and one in the Southern District of Florida. The cases in both jurisdictions have similar timelines, and thus similar time pressures.
5. We have not received any of these matter's files from the original attorneys The Sclar Law Group. We have been in negotiation with their principal in an effort to get the files, but do not yet have them.
6. Consequently, we are working from filings pulled from the Internet. Each case file is several hundred pages, making a total in the thousands of pages. Even the process of downloading and printing the files took several hours. Moreover, this letter took several hours to write and was drafted on Sunday. We have 2 lawyers on this case as of now and will have more once we get local counsel. Even with two lawyers and working on the weekend, we are not going to be ready in time.
7. Importantly, each and every one of the cases contain a plethora of important distinctions including the facts alleged, the causes of action, the relief sought, where the case is procedurally, etc. All of these differences need to be clearly understood and considered before we are able to competently present to this Court.
8. We are still reading through all of the files. We have neither begun breaking them down into manageable units nor meaningfully developed our understanding. The legal process is partly reading the material, partly discussing it with the involved parties and partly letting it develop in the individual lawyer's mind. We have not yet accomplished any of these three crucial processes. Until we do so, we are not competent to defend our client's interests. We will develop competence, but this takes time.

9. We have not yet secured a local firm to associate with. On 03/02/2018, the same day we were granted *pro hoc vice* admission to this Court, we requested the law firm Womble Bond Dickinson send over an engagement agreement for this matter. As of this writing, we have not received it, although it will certainly arrive sometime this week. Once we engage them, we will have to get the files from these matters over to them for their review so they can begin to work with us. Like us, it will take them some time to become familiar with these cases.
10. On Friday, we began reaching out to the other attorneys and immediately brought up settlements. Unlike litigation, settlement talks do not require deep knowledge of a matter, but only a meeting of the minds. Moreover, we are of the belief that having litigants work matters out amongst themselves is a desirable outcome.
11. As of this writing, 3 out of 5 cases are now in serious settlement negotiations. A time extension would also allow us to pursue these desirable developments. 60% of the cases in talks represent a sea-change in the direction of this entire matter.
12. Finally, more time allows us to attempt settlement negotiations with the two cases not currently in negotiation.

The law firm that preceded us was granted one extension of time request by this Court. This is our first (and we anticipate only) extension of time request and as such your Honor has neither granted nor denied any priors requests we have made. An extension of time is necessary for us to be able represent our client competently while at the same time it appears that an extension of time will not harm the Plaintiffs' interests. Finally, it looks as though we will be able to settle a majority of these cases in the very near future.

For all of these reasons we respectfully request that this Court grant the requested relief.

Very truly yours,

Ryan Smith

**VIA ECF**

*Daly v. McFarland*, 17-cv-03461, Marc Godino

*Herlihy v. McFarland*, 17-cv-03296, Rosemary Rivas

*Jung v. McFarland*, 18-cv-00449, Lori Feldman

*Jutla v. Fyre Media*, 17-cv-03541, Tina Wolfson

*Petrozziello v. Fyre Media*, 18-cv-00146, Andrew Grous

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MATTHEW HERLIHY and ANTHONY
LAURIELLO, individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.

WILLIAM MCFARLAND, an individual;
JEFFREY ATKINS p/k/a/ JA RULE, an
Individual; GRANT MARGOLIN, an individual;
FYRE MEDIA, INC., a Delaware Corporation;
and Does 1 through 50, inclusive;

        Defendants.

-----------------------------------------------------------x

Civil Action No.: 17-cv-03296 (PKC)

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

SEAN DALY, EDWARD IVEY, individually
and on behalf of all others similarly situated,

        Plaintiffs,

v.

BILLY MCFARLAND, an individual;
JEFFREY ATKINS p/k/a/ JA RULE, an
individual; FYRE MEDIA, INC., a Delaware
Corporation; and Does 1 through 50, inclusive;

        Defendants.

-----------------------------------------------------------x

Civil Action No.: 17-cv-03461 (PKC)

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

      This Civil Case Management Plan (the "Plan") is submitted by Jeffrey Atkins in the above-captioned cases in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case **is** to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or join additional parties shall be filed within 30 days from the date of this Order.

4. Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than 14 days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days].

5. All fact discovery shall be completed no later than 06/04/2018. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a. Initial request for production of documents to be served by 05/07/2018.
    b. Interrogatories to be served by 05/07/2018.
    c. Depositions to be completed by 05/31/2018.
    d. Requests to Admit to be served no later than 05/07/2018.

7.
    a. All expert discovery shall be completed no later than 60 days after the close of the fact discovery
    b. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices, including premotion conference requirements, except that motions in limine may be made without a premotion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a premotion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.
    a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: **n/a.**

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution for this case: **n/a.**

    c. Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed [Date]; after the close of fact discovery): **n/a.**

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the premotion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to

the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: 10 days.

13. Defendant is in what appear to be promising settlement negotiations with both parties..

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other]

15. The next Case Management Conference is scheduled for _____ at _____.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five(5) days prior to the expiration of the date sought to be extended.

P. Kevin Castel
United States District Judge

Dated:  New York, New York