# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
7 WEST 24TH STREET
NEW YORK, NEW YORK 10010
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

March 12, 2018

Honorable P. Kevin Castel, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 24B
New York, NY 10007

    Re:    ***Jung, et al. v. McFarland., et al.,*** **No. 18-cv-449-PKC**
              ***Jutla, et al. v. Fyre Media, Inc., et al.*, No. 17-cv-3541-PKC**
              <u>***Petrozziello v. Fyre Media, Inc*., et al.,  No. 18-cv-146 - PKC**</u>

Dear Judge Castel:

    The undersigned counsel for plaintiff in the *Jung Action* is writing on behalf of all parties in the above-referenced actions. The Status Conference in these actions is tomorrow, March 13, 2018, at 11:00 a.m.

    Following Your Honor's March 6, 2018 denial of defendant Atkin's motion to postpone the status conference (Dkt. Nos. 55, 27 and 28 in the *Jung, Jutla and Petrozziello Actions,* respectively) and the March 6, 2018 letter that plaintiffs wrote to Your Honor (with proposed case management plan and scheduling order), the undersigned and defendant Atkins met and conferred on the terms of the joint letter and an revised proposed case management plan and scheduling order ("CMO"). The updated revised proposed CMO is attached hereto. Although counsel for Atkins and other plaintiffs in this action have represented that they are in settlement negotiations intended to end their cases on an individual basis, if their settlements do not come to fruition, all counsel in all of the three above actions agree on the terms of the CMO and counsel for Atkins advises that counsel in the *Herlihy* and *Daly* actions also agree upon the terms of the CMO.

    Further based on the conversations between the undersigned and Atkins' counsel, after submission of the Plaintiffs' March 6 letter, Atkins' counsel asked that we relay to the Court in this joint letter to state defendant Atkins' position as he "denies all substantive allegations alleged in the Complaint and asserted cross-claims against his co-defendants in all three actions. Atkins further contends that the Plaintiffs failed to show a prima facie case for class certification under Rule 23. Further, the Plaintiffs and class have failed to show that Atkins made

any misrepresentations, attempted to deceive them, committed fraud, and/or is liable, under a theory of misrepresentation, fraud (common law or statutory) and/or conspiracy to do the same. Atkins also contends that the Complaints should be dismissed because Plaintiffs and the purported class failed to plead allegations to pierce the corporate veil and/or otherwise provided any reasonable basis of liability against Atkins. In the alternative, if the allegations to pierce the corporate veil were alleged, Plaintiffs and the purported class do so broadly and failed to provide a factual basis for personal liability against Atkins."

With respect to Contemplated Motions, Plaintiffs in the *Jung Action* anticipate filing a motion for consolidation of the actions pending before Your Honor (if the other actions do not settle) and concomitant motion to amend (and, if there is no consolidation because the other cases have settled, simply a motion to amend), for appointment of Interim Lead Counsel pursuant to Fed. R. Civ. Proc. 23(g), and for class certification after discovery is completed. Plaintiffs in the *Petrozziello* action will join the aforementioned motions and will support appointment of counsel in the *Jung* action as interim lead counsel in the event that settlement cannot be accomplished. Additionally, Plaintiffs' counsel in the *Jung Action* is in discussions with Plaintiffs' counsel in the *Jutla Action* for purposes of possible representation of the plaintiffs in the *Jutla Action* in the place of their current counsel and it is likely that a motion to withdraw/substitute counsel will be made. Finally, Plaintiffs in the *Jung Action* will seek default judgments against Defendants McFarland and Fyre Media, Inc. and will move to compel discovery from Atkins if he does not produce documents in response to the document request that Jung served on him several months ago.

Defendant Atkins "is contemplating a 12(c) motion at the appropriate time." If plaintiff Jung makes a motion to compel discovery from Atkins in response to discovery served months ago, counsel for Jung has agreed to give Atkins 30 days' notice to give the parties to meet and confer in order to avoid motion practice. Plaintiff Jung anticipates that there be flexibility in briefing schedules for motions that defendant may likewise make, subject to Court approval.

Respectfully,

*/s/ Lori G. Feldman*
_____
Lori G. Feldman

Counsel for Plaintiff
Daniel Jung
Geragos & Geragos APC

*/s/ Tina Wolfson*

---
Tina Wolfson

Counsel for Plaintiff
Ritu Jutla
Ahdoot & Wolfson, P.C.

*/s/ Andrew Grous*

---
Andrew Grous

Counsel for Plaintiff
Andrew Petrozziello
Wilentz, Goldman & Spitzer

*/s/ Ryan Hayden Smith*

---
Ryan Hayden Smith

Counsel for Defendant
Jeffrey Atkins
Smith Law