**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Ritu Jutla, et al., | | |
| | Plaintiff(s), | 17-cv-3541 (PKC) |
| -against- | | |
| Frye Media, Inc., et al., | | |
| | Defendant(s). | |
| Andrew Petrozziello, | | |
| | Plaintiff(s), | 18-cv-146 (PKC) |
| -against- | | |
| Frye Media, Inc., et al., | | |
| | Defendant(s). | |
| Daniel Jung, | | |
| | Plaintiff(s), | 18-cv-449 (PKC) |
| -against- | | |
| Bill McFarland, Frye Media, Inc., et al., | | **REVISED PROPOSED CASE MANAGEMENT PLAN** |
| | Defendant(s). | |

This Revised Proposed Civil Case Management Plan (the "Plan") is submitted by the plaintiffs and defendant Jeffrey Atkins in the above captioned cases in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1.  All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. 5 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.  This case **is** to be tried to a jury.

3.  Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **45** days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

4.  Initial disclosures, pursuant to Rule 26(a) (l), Fed. R. Civ. P., shall be completed not later than **14 days** from the date of this Order, if not previously served. If previously served, those initial disclosures shall be deemed operative.

5.  All fact discovery shall be completed no later than **November 15, 2018**. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be

extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

  a.   First Set of Initial requests for production of documents to be served by **6/15/18.**
  b.   First Set of Interrogatories to be served by **6/15/18.**
  c.   Depositions to be completed by **9/28/18**
  d.   First Set of Requests to Admit to be served no later than **6/22/18**

Previously served discovery shall be deemed operative.

7.   a. All expert discovery shall be completed no later than **60 days after the close of fact discovery**.

  b.   No later than **thirty (30) days** prior to the date in paragraph 5, i.e., the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.   All motions and applications shall be governed by the Court's Individual Practices, including premotion conference requirements, except that motions in limine may be made without a promotion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a premotion conference relating thereto is made in
writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9.   All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.   a.   Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

        N/A

  b.   Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: N/A

  c.   Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g., with in the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery).

        N/A

  d.   The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.     The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later).  By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P.  Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the premotion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date.  Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission.  Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P.  If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12.     Counsel for the parties have conferred and their present best estimate of the length of trial is: **10 days.**

13.     Plaintiffs anticipate moving forward with default proceedings against those Defendants who have been served in this case, but have not appeared.  Plaintiffs will also be filing a class certification motion after sufficient discovery has been conducted.  Finally, the parties anticipate that additional related cases, including cases outside this District, will be transferred to this Court and ultimately consolidated with the low-numbered *Herlihy* action.

**************************************************************************************

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14.     [Other]

15.     The next Case Management Conference is scheduled for _____ at _____.

-4-

       This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

_____

                                            P. Kevin Castel
                                    United States District Judge

Dated: New York, New York

_____